IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA A. NOLF,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>  )<br>  Defendant.  ) | Civil Action No. 22-368-E |

O R D E R

AND NOW, this 4th day of December, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's underlying argument is that the Administrative Law Judge ("ALJ") failed to accurately assess the opinion of an impartial medical expert, Dr. Amy Hamilton, who testified at Plaintiff's hearing, and, as a result, inadequately crafted the mental and physical limitations contained in Plaintiff's residual functional capacity ("RFC").   As part of these arguments, Plaintiff avers that the ALJ improperly rejected Dr. Hamilton's opinion and performed an insufficient cursory analysis.   Additionally, Plaintiff contends that the ALJ relied on his own lay opinion when crafting the mental and physical limitations in the RFC.   The Court disagrees and finds that the ALJ properly considered the record evidence and formulated Plaintiff's RFC.

The ALJ included several mental and physical limitations at issue in Plaintiff's RFC.   These culminated in the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a reduced range of sedentary work.   She can lift/carry and push/pull 10 pounds occasionally and less than 10 pounds frequently.   During an eight-hour workday, she can sit for six hours and stand/walk for approximately two hours.   She can perform simple tasks.   She can have occasional contact with coworkers, supervisors, and the public.   She cannot perform work involving fast paced quotas.   She is restricted from exposure to chemical pollutants.

(R. 16).

In formulating the mental limitations of this RFC, the ALJ considered the opinions of several doctors, including that of Dr. Hamilton.   (R. 11).   Dr. Hamilton testified about Plaintiff's limitations given her mental health diagnoses, major depressive disorder and post-traumatic stress disorder.   (R. 71, 73-74).   Specifically, she testified that Plaintiff would be able to perform simple tasks without fast paced quotas and that she could not handle more than occasional interactions with others in the workplace.   (R. 18; 71-74). She also testified that Plaintiff might require *up to* two absences per month and would be off-task 10% of the time, but admitted that this conclusion was "completely speculative" because Plaintiff lacks recent work history and Plaintiff's need for absences would not be clear until Plaintiff attempted to work, which she has not done in 25 years.   (R. 18, 73-74) (emphasis in decision).   In addressing this testimony, the ALJ stated:

> It is possible that the claimant would have excessive absences.   However, the burden of proof rests upon the claimant and the totality of the evidence

>   does not prove that it is more likely than not that the claimant would have excessive absences.

(R. 18).

The ALJ also analyzed the opinions of state agency medical consultants, Drs. Stacie Jean Barnes, Psy.D, and Frank M. Mrykalo, Ed.D., and found these opinions to be persuasive in crafting the mental limitations in Plaintiff's RFC.  (R. 18).  The ALJ noted that Drs. Barnes and Mrykalo agreed that Plaintiff would be able to meet the basic mental demands of work on a sustained basis.  (*Id.* (citing Exs. C4A, C6A)).  Additionally, Drs. Barnes and Mrykalo opined that Plaintiff had the abilities to sustain an ordinary routine without special supervision, to work in proximity to others without being distracted, and to make simple work-related decisions.  (R. 113, 133).  Both doctors also agreed that Plaintiff was moderately limited in her ability to maintain attention and concentration for extended periods of time, and in her capacity to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.  (R. 112-13, 133).

In crafting the physical limitations in Plaintiff's RFC, the ALJ considered the opinions of state agency medical consultants Drs. Phillip Matar, M.D., and Gayle Christina Gustitus, D.O.  (R. 17).  These doctors opined that Plaintiff could perform light work involving occasional climbing of ladders, ropes, and scaffolds, occasional stooping, and frequent performance of postural activities.  (R. 17 (citing Exs. C4A/10-11, C6A/11-12)).  To Plaintiff's benefit, the ALJ was not persuaded by these opinions and decided the totality of the evidence demonstrated that Plaintiff should be limited to sedentary work.  (R. 17-18).  Based on all of the evidence, the ALJ ultimately concluded Plaintiff was not disabled because she could perform jobs existing in significant numbers in the national economy.  (R. 19).

Plaintiff contends that the ALJ improperly rejected Dr. Hamilton's opinion regarding Plaintiff's work-preclusive absences.  (Doc No. 8 at 10-15).  The Court disagrees.  The ALJ sufficiently considered Dr. Hamilton's opinion as to Plaintiff's possible absences and concluded that Plaintiff had not proven that it was more likely than not that she would have excessive absences.  (R. 18).  An ALJ "is not required to accept all medical opinions in crafting the RFC, he must give some reason for discounting the evidence he rejects."  *Mitchell v. Colvin*, No. 14-998, 2015 U.S. Dist. LEXIS 38530, at *4 (W.D. Pa. Mar. 26, 2015).  Here, Plaintiff mischaracterizes the ALJ's opinion by contending the ALJ "rejected" Dr. Hamilton's opinion.  (Doc. No. 8 at 10).  On the contrary, the ALJ found Dr. Hamilton's opinion generally persuasive.  (R. 18).  The ALJ even noted that "[i]t is possible that the claimant would have excessive absences[,]" but concluded that the Plaintiff had not met her burden of proof to show that it was more likely than not that she would have work-preclusive absences.  (*Id.*).  Plainly, Plaintiff never

3

established that she would have the necessary absences per-month that would preclude her from engaging in work on a regular and ongoing basis.

Additionally, the ALJ properly evaluated Dr. Hamilton's opinion pursuant to the applicable regulations. "[T]he two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 416.920c(b) and (c). One court has explained the distinction between supportability and consistency as follows: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021). Here, the ALJ clearly analyzed the required consistency and supportability factors, stating, "Given the claimant's limited mental health treatment, the overall record is inconsistent with finding that the claimant would be unable to perform at least simple tasks involving some contact with others. This is supported by examinations documented in progress notes that reflect anxious mood without significant cognitive or behavioral deficits." (R. 18). This finding was generally consistent with Dr. Hamilton's opinion, who opined that Plaintiff would be able to perform simple tasks without more than occasional interaction with others in the workplace. (R. 18).

As for Plaintiff's arguments that the ALJ inadequately crafted the mental and physical limitations in Plaintiff's RFC by improperly substituting his own lay opinion for that of the medical experts (Doc. No. 8 at 15-24), the Court disagrees and finds the ALJ's RFC to be supported by substantial evidence. This Court has previously rejected the argument that ALJs must premise their RFC findings upon a specific medical opinion. *Hornyak v. Colvin*, No. CV 15-74-E, 2016 WL 1255288, at *1 n.1 (W.D. Pa. Mar. 30, 2016) (citing *Doty v. Colvin*, No. 15-74-E, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014); *Callahan v. Colvin*, No. 13-1634, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014)). The ALJ is obligated to review all record evidence in determining what limitations are appropriate for inclusion in the RFC. *See* 20 C.F.R. § 416.945(a)(1). It is possible for an ALJ to fulfill that obligation without inappropriately substituting his or her lay opinion for that of a medical expert. *See Galloway v. Comm'r of Soc. Sec.*, No. CV 20-4669, 2021 WL 4477145, at *4 (E.D. Pa. Sept. 30, 2021). Here, as to Plaintiff's mental limitations, the ALJ did not substitute his lay opinion by omitting Drs. Barnes and Mrykalo's opined limitations as to Plaintiff's ability to maintain attention and concentration for extended periods, need for off-task time, and absenteeism, as Plaintiff argues. (Doc. No. 8 at 17). Rather, the ALJ explained that Drs. Barnes and Mrykalo found that Plaintiff would be able to meet the basic mental demands of work on a sustained basis, and that Plaintiff had failed to meet her burden to show work-preclusive off-task time and absenteeism. (R. 18-19). Plaintiff's arguments that the ALJ did not explain the omission of certain limitations relating to attendance, punctuality, and off-task time are merely a request to reweigh the evidence. (Doc. No. 8 at 18).

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 9) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:   Counsel of record

---

Additionally, the Court rejects Plaintiff's argument that the ALJ based the Plaintiff's physical RFC limitations on his own lay opinion. (Doc. No. 8 at 21). As explained above, the ALJ is tasked with reviewing all the evidence in determining the appropriate RFC limitations, and an ALJ is able to meet this obligation without substituting his own lay opinion for that of a medical expert. *See Galloway*, 2021 WL 4477145, at *4. In this case, the ALJ articulated how he formulated Plaintiff's physical limitations by explaining Plaintiff's medical history, including diagnoses of asthma and COPD, subsequent testing showing respiratory and cardiac issues, and examinations indicating Plaintiff is obese. (R. 17-18). The ALJ noted he found the State Agency Reviewing Physicians overstated Plaintiff's postural limitations and did not adequately address her respiratory and cardiac issues. (R. 18). While these opinions were the only ones related to Plaintiff's physical health, the ALJ properly formulated Plaintiff's physical RFC limitations based on the entirety of the record. Indeed, to Plaintiff's benefit, the ALJ reduced Plaintiff's RFC to sedentary work. (*Id.*) Accordingly, the ALJ's RFC is supported by substantial evidence.

For these reasons, the Court affirms the decision of the ALJ.